**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document has been entered electronically in the record of the United States Bankruptcy Court for the Northern District of Ohio.**



Mary Ann Whipple
United States Bankruptcy Judge

**Dated: May 7 2012**

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Case No. 11-35180 |
| | ) | |
| Klosterman Development Corp., | ) | Chapter 11 |
| | ) | |
| | ) | |
| Debtor and Debtor in Possession. | ) | JUDGE MARY ANN WHIPPLE |
| | ) | |

### ORDER RE RELIEF FROM THE AUTOMATIC STAY AND ABANDONMENT

The court held on May 3, 2012, a further and final hearing on a Motion for Relief from Stay and Abandonment ("Motion") [Doc. #75] filed by Mercer Savings Bank ("Movant") and Debtor's objection to the Motion [Doc. # 82]. Movant seeks an order conditioning, modifying or terminating the automatic stay imposed by 11 U.S.C. § 362 with respect to Debtor's commercial real property at 4696 St. Route 127, Celina, OH 45822, upon which Movant holds a first mortgage lien ("Collateral"). The court held a preliminary hearing on the Motion on March 8, 2012, at which the Motion was continued to May 3, 2012. The order continuing the hearing imposed interim conditions on Debtor. At the final hearing on May 3, Attorney for Movant appeared in person and Attorney for Debtor appeared by telephone.

Movant alleges that Debtor has not made payments on its mortgage debt since 2010 and that

real property taxes are not being kept current, priming Movant's lien on the Collateral. Debtor does not contest these facts, but asserts that the Collateral will be necessary for reorganization of a downsized business operation to be advanced in its plan of reorganization. The parties also differ in their views on the value of the Collateral.

The interim conditions that the court imposed pending the hearing on May 3 were as follows:

> 1. Debtor was required to make two monthly payments in the amount of $1,461.48 each, with the first payment due on or before **March 23, 2012,** and the second payment due on or before **April 20, 2012.**
> 2. Debtor was required to file its proposed plan and disclosure statement on or before **April 20, 2012**.

[Doc. # 86].

Counsel for Movant reported that, although the numerical amount and the written amount on one or both of the checks was different, both payments were made. Also, the case record shows that Debtor did file its proposed disclosure statement and plan as directed. [Doc. ## 102, 103]. The disclosure statement has already been set by the court for hearing to occur on June 6, 2012.

The filed plan proposes retention of the Collateral, and as part of the means for execution of the plan continued use of the Collateral as Debtor's operations headquarters and for equipment storage and excavation. Movant contests that the plan is even facially confirmable, among other reasons because it will violate the absolute priority rule and cannot be crammed down under 11 U.S.C. § 1129(b)(2)(B)(ii). But Movant has filed three secured claims in this case and does not presently have standing to raise that issue in the event the class of unsecured creditors does not vote in favor of the plan. Debtor's plan proposes to treat Movant's claim secured by the real estate in issue as partially secured, however, the status of Movant's § 1111(b) election remains up in the air.

Under § 362(d)(2), where Debtor lacks equity in the Collateral, Movant is entitled to relief from stay as to acts against the Collateral unless there is a reasonable possibility of a successful reorganization within a reasonable time, *see United Sav. Ass'n of Texas v. Timbers of Inwood Forest Assocs., Ltd.*, 484 U.S. 365 (1988), and the property in issue is necessary to that effort. The court does not need to hold full blown disclosure statement approval and confirmation hearings under §§ 1125 and 1129 in order to find for purposes of § 362(d)(2) that there is an effective reorganization reasonably in prospect. Rather the Debtor must "at a minimum provide the Court with a broad outline of how it intends to employ the rehabilitative mechanisms of the Code to effectuate a reorganization within a reasonable time period." *In re Planned Sys., Inc.*, 78 B.R. 852, 866 (Bankr.

S.D. Ohio 1987). The § 362(d)(2)(B) standard is a balancing test and has different meaning depending on the stage of the bankruptcy case. *In re Ashgrove Apartments Ltd.*, 121 B.R. 752, 756 (Bankr. S.D. Ohio 1990).

The court finds that there is a reasonable possibility of a successful reorganization within a reasonable time. This finding is based on the fact that Debtor filed by the deadline set by the court a disclosure statement and proposed plan that on their face are serious efforts to move the case toward confirmation of a plan of reorganization. The real estate in issue is part of that proposed plan. The plan proposes that Movant retain its lien on the collateral, *cf.* 11 U.S.C. § 1129(b)(2)(A)(i), and that Debtor make monthly payments on Movant's secured claim at the rate of $1,461.68 (amortized over 25 years at a rate of 5% interest), with a balloon payment due no later than 7 years after the first payment. This is the same monthly payment amount that the court included in interim order adjourning the hearing to May 3. Debtor made those payments substantially as ordered, demonstrating at least preliminarily the ability to do so irrespective of Movant's analysis of the plan numbers as presently proposed. The court declined to hear evidence that Movant intended to proffer about whether the plan numbers work overall, as Debtor has shown at least for purposes of § 362(d)(2) that it can make the payments it proposes on Movant's claim. Movant may ultimately contest this treatment of its claim and plan feasibility, but it is not facially violative of the Bankruptcy Code, nor does it appear to have been proposed in bad faith. It would be a rare plan that was not amended or subject to further negotiation, which is a goal of the Chapter 11 process. So while there is no dispute of fact on the present record for purposes of the Motion that Debtor lacks equity in the Collateral, both elements of § 362(d)(2) must be present met for relief. Debtor having met its burden of proof on the issue of there being an effective reorganization reasonably in prospect for which the Collateral is necessary with these filings and the payments to Movant, the court finds that Movant is not entitled to relief under § 362(d)(2).

The court finds, however, that Movant is entitled to relief from stay for cause, including a lack of adequate protection, under § 362(d)(1). Movant asserts that Debtor failed to pay real estate taxes on the Collateral that came due post-petition on February 21, 2012, while defaulting on an installment plan previously in place to pay real property taxes that came due pre-petition. No material payments on the real property taxes on the property have been made since 2008. Debtor does not contest these facts. Under Ohio law these unpaid taxes directly prime Movant's lien. Another post-petition bill for real property taxes will come due on July 20, 2012. [*See* Doc. # 75, Exh. D, pp. 21-25/36]. If unpaid,

3

the real property taxes due by July 20, 2012, will also prime Movant's lien. While it is possible, it appears unlikely that confirmation proceedings will be completed by that date. Debtor must be in a position by confirmation to pay both current taxes and the delinquency through the plan going forward. The court therefore finds that Debtor's non-payment of the real property taxes due post-petition on February 21, 2012, constitutes cause for relief from stay to Movant given Debtor's position for purposes of confirmation that Movant is undersecured and there is no equity cushion for Movant in the Collateral. Movant's interest in the Collateral also lacks adequate protection in the absence of payment of the real property taxes.

While Movant is entitled to relief under § 362(d)(1), the court must decide what form of relief is appropriate under the circumstances. The statute provides for alternative forms of relief: "terminating, annulling, modifying, conditioning, such stay –...." 11 U.S.C. § 362(d). For the following reasons, the court finds that conditioning further imposition of the stay and not immediate termination of the stay is the appropriate form of relief to be granted to Movant. Because Debtor has proposed a plan and met the court's interim conditions, which plan relies upon use of the Collateral for the benefit of both Movant and other creditors, including the unsecured creditors, the court finds that immediate termination of the stay is not appropriate. But given the lack of adequate protection, the missed tax payment due post-petition, the duration of the missed tax payments due pre-petition and the direct dilution of Movant's interest in the Collateral, and the length of time this case has now been pending since its filing on September 23, 2011, the court finds that certain targeted conditions to continuation of the stay are necessary to protect Movant's interest in the Collateral and to assure that Debtor continues to make effective progress toward final resolution of a confirmable plan to pay Movant's claim and the claims of other creditors. These conditions include continuation of the monthly payments now proposed in the plan, timely payment of the 2nd half tax bill due July 20, 2012, and confirmation of a plan by August 31, 2012, which will be nearly one year since the commencement of this case. If Debtor cannot now make both the monthly payments it proposes in its plan to make for up to seven years, and pay current real property taxes, then the court will not be in a position to make the finding for confirmation required by § 1129(a)(11). Moreover, Debtor is impacting and using the Collateral for among other heavy industrial activities excavation and equipment storage, further necessitating some form of monetary adequate protection of Movant's interest in the property.

Lastly, because the Collateral is being and is proposed in its plan to be used by the Debtor,

4

and Debtor was able to make the interim monthly payments required by the court, Movant has not shown that the collateral is burdensome to the estate or of inconsequential value to the estate. *See* 11 U.S.C. § 554)b). The Motion will be denied to the extent it seeks abandonment of the real property in issue from the bankruptcy estate.

For these reasons and as otherwise stated on the record by the court at the hearings, for good cause appearing,

**IT IS ORDERED** that the Motion for Relief from Stay and Abandonment filed by Mercer Savings Bank [Doc. # 75] is **GRANTED in part**, only to the extent it seeks relief from stay, provided, however, the relief that is granted is further conditioning imposition of the automatic stay as set forth below, and not termination of the automatic stay, and **DENIED** in part, and without prejudice, to the extent it seeks abandonment from the estate of the real property at 4696 St. Route 127, Celina, Mercer County Ohio ("Collateral"); and

**IT IS FURTHER ORDERED** that the court conditions the continuation of the automatic stay and also provides adequate protection to Movant's interest in the Collateral as follows:

1. Debtor must make and Movant shall accept monthly payments in the amount of $1,461.48 each until further order of the court. The next payment must be made on or before **May 31, 2012,** and payments thereafter must be made in time to be actually received by Movant by the last calendar day of each succeeding month. The making and the application of these adeqaute protection payments is without prejudice to the rights of either party with respect to the plan. Non-compliance with this condition will be an event of default under this order.

2. Absent further order of the court on motion for good cause, Debtor must obtain confirmation of a plan of reorganization on or before **August 31, 2012**. Non-compliance with this condition will be an event of default under this order.

3. Debtor must timely pay to the Mercer County, Ohio Treasurer, the 2d half taxes on the Collateral due on or on before **July 20, 2012**. Non-compliance with this condition will be an event of default under this order.

5. Upon an event of default, Movant may send to Debtor's attorney a 10 day notice of cure. If the event of default is not cured within that 10 day period of time, Bank may file an affidavit with the court attesting to the event of default and its motion for relief from stay will be finally granted by termination of the automatic stay on the Collateral without further notice or opportunity for hearing.

6. Nothing in this order shall preclude Movant from filing another motion for relief from stay or for abandonment.

###